## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **JESSICA MARTIN,** an individual, | ) ) ) | |
| *Plaintiff*, | ) ) | **Case No.: 15-CV-100-GKF-PJC** |
| vs. | ) ) ) | **ATTORNEY LIEN CLAIMED FOR THE FIRM** |
| 1. **ADVANCE STORES, COMPANY, INCORPORATED, d/b/a ADVANCE AUTO PARTS,** a foreign for profit business corporation, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Jessica Martin, ("Plaintiff"), by and through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby submits the following Complaint against Advance Stores Company, Incorporated, ("Defendant"), for declaratory relief, actual, compensatory and punitive damages, and costs and attorney fees pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, *et Seq.*, and Oklahoma law for sexual harassment and negligent supervision.

### JURISDICTIONAL REQUIREMENTS

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2. This action arises under 42 U.S.C. §2000e and the common law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4. Costs and attorney's fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil

and the above statutes.

5. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(b), (c).

6. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

7. At all times relevant to this cause of action, Plaintiff was a resident of the State of Oklahoma residing in Broken Arrow, Tulsa County, Oklahoma.

8. At all times relevant to this cause of action, Defendant was a corporation doing business in, and with significant contacts to, the State of Oklahoma and maintain offices in Broken Arrow, Tulsa County, Oklahoma.

9. The acts and/or omissions giving rise to this cause of action occurred in Tulsa County, State of Oklahoma.

10. At all times relevant to this cause of action, Plaintiff was a Caucasian female.

11. At all times relevant to this cause of action, Defendant was a foreign for profit business corporation existing under the laws of a foreign state, qualified to do and to transact business in the City of Broken Arrow, State of Oklahoma.

12. At all times relevant to this cause of action, Defendant was an "employer" within the meaning of the Title VII in that it employed in excess of fifteen (15) employees for more than half of the typical business days of the previous calendar year.

13. In conformance with Title VII statutory prerequisites, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), on or about March 13, 2014.

14. The EEOC completed its investigation and issued the Plaintiff a Right to Sue letter on December 3, 2014, (attached as Exhibit "1" and hereby incorporated by reference as though fully set forth herein).

15. Plaintiff has timely filed her complaint in this matter within ninety (90) days of receipt of the afore-mentioned Right to Sue letter.

## OPERATIVE FACTS

16. During May 2013, Plaintiff because re-employed with Defendant as a driver. At the time, she was advised by her supervisor, Tim Hylton ("Hylton"), that her previous rate of pay could be reinstated.

17. During her employment, Plaintiff was routinely subjected to extreme and outrageous conduct, highly offensive and sexual comments, threats, intimidation, and uninvited, unwanted, and offensive physical contact from her store manager, Eric Clouse ("Clouse").

18. Plaintiff approached Clouse about reinstating her previous salary and he instructed her to "go to the back of the store." When she asked Clouse again, he responded, "If take your top off I am sure we could get something done."

19. Over the course of Plaintiff's employment, Clouse continuously complained to Plaintiff about his relationship with his wife and referred to his wife as a "bitch".

20. On one occasion, Clouse purchased breakfast for the Plaintiff. When she thanked him, he replied "You can pay me later. I will come over to your house." Plaintiff responded that Clouse did not know where she lived. He then reminded her that as a store manager, he had access to all employees' addresses.

21.     Clouse would routinely grab Plaintiff's arm, rub his arm against her stomach and refer to her as "little mama." Plaintiff always responded to Clouse's advances negatively and asked him to refrain from the offensive behavior.

22.     When Plaintiff refused Clouse's advances, he would become enraged and yell.

23.     Plaintiff was informed by her co-workers that Clouse had been previously terminated for similar inappropriate behavior.

24.     On one point, Clouse forced all female employees to attend an impromptu meeting where he told them that he would not put up with gossiping and that in his experience, women who do most of the "fucking gossiping" and that he "[would] not be having that shit in his store."

25.     Following this meeting, a co-worker who Plaintiff had observed Clouse subjecting to similar harassment, stated that she was going to file a complaint with the Human Resources Department and request to be transferred to another store.

26.     Plaintiff asked Clouse for the phone number to contact the Human Resources Department, but Clouse refused, brushed her away and stated that he was "busy."

27.     On June 9, 2013, Plaintiff contacted the Human Resources Department, reported the sexual harassment and resigned.

## FIRST CLAIM FOR RELIEF
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

28. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

29. By and through, but not limited to, the ongoing sexual harassment described above, Plaintiff's terms and conditions of employment were so adversely affected that it created a hostile work environment.

30. The Plaintiff was subjected to the sexual harassment because of her gender, female.

31. As a result of Clouse's unwelcome sexual harassment and Advance Stores Company, Incorporated's inactivity, Plaintiff believed her work environment to be hostile.

32. Advance Stores Company, Incorporated was aware of the sexual harassment because the Plaintiff reported Clouse's conduct.

33. Advance Stores Company, Incorporated's Human Resources Department failed to promptly take appropriate corrective action to end the sexual harassment and permitted Plaintiff to be subjected to sexual harassment.

34. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

35. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

36. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

37. Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

   **WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiffs for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees

as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

38. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

39. Plaintiff has suffered harm through her employment, and as a direct and proximate result of the Defendant's failure to act based on her sexual harassment complaints.

40. Defendant knew or should have known that Defendant's agent and employee had a propensity for sexually harassing employees, as demonstrated by Plaintiff's complaints and from his previous termination and/or discipline for similar behavior.

41. At the time of the sexual harassment, Defendant had reason to believe that their employee, Eric Clouse, would create an undue risk of harm to others.

42. Defendant failed to act upon this information to bring about an end to Plaintiff's sexual harassment.

43. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

44. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

45. Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Oklahoma state law.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiffs for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

*Charles C. Vaught*
Charles C. Vaught, OBA #19962
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 - Phone
(918) 583-1755 - Fax
*Attorney for Plaintiff*